UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:18CR00825 AGF |
| DARRELL L. WALKER, | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on the Defendant's pretrial motion. All pretrial motions were referred to United States Magistrate John M. Bodenhausen under 28 U.S.C. § 636(b). Defendant Darrell L. Walker filed a Motion to Suppress Evidence and Statements (ECF Nos. 54, 55).

In his motion to suppress evidence and statements, Defendant alleges that the police did not have reasonable suspicion, probable cause or other constitutional rationale for arresting Mr. Walker. He further claims that law enforcement unconstitutionally searched his vehicle, that he was questioned by police prior to being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1996), and that statements made after his arrest were not made voluntarily and were the product of duress. The case is set for trial on March 23, 2020.

Judge Bodenhausen held an evidentiary hearing on August 26, 2019, at which Sergeant Andria Van Mierlo and Detective Derek Machens, both with the St. Louis County Police Department, testified and were subject to cross-examination. On January

22, 2020, Judge Bodenhausen issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be denied. (ECF No. 88.) Defendant filed a general objection, objecting to the factual findings and conclusions of law in the R&R for the reasons stated in the motion to suppress, without any further specification or basis. (ECF No. 92.)

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress, including a review of the transcript of the hearing, and reviewing the exhibits introduced at the hearing, which consisted of two videos. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly analyzed the issues.

For the reasons set forth more fully in the R&R, the Court finds that Defendant's warrantless arrest was supported by ample probable cause.[1] As set forth more fully in the R&R, law enforcement officers received information that someone who went by the name "Bull" was involved in selling heroin. This information was obtained from in

---

1 The Court also agrees with the Magistrate Judge's conclusion that at a minimum, there was reasonable suspicion to detain Defendant for further investigation, and that probable cause to arrest Defendant would have been provided by the outstanding warrant or the search of Defendant's vehicle.

person interviews with the reporting individual, who also provided the telephone number used for drug transactions and a general description of Bull. As part of an undercover operation, that telephone number was called, and the individual who answered agreed to sell a quantity of heroin, and arranged to meet at a Popeye's restaurant on West Florissant and Goodfellow. Defendant arrived in a vehicle at the appointed place and time, and backed into the parking space, which is consistent with drug transactions, and called back to say he was on the parking lot. Defendant was driving the car, with two considerably younger individuals as passengers. Defendant and the passengers sat and waited outside the store for several minutes, until the undercover officer called the phone again, spoke to the same individual, and told the individual to meet inside the Popeye's. Moments later, Defendant, who had been observed using his cell phone while one of the calls took place, exited his vehicle and entered the store. He matched the description that had been provided for Bull. After he entered the store, other police vehicles arrived at the scene, stopped in front of Defendant's vehicle, and officers immediately exited their cars. The two younger passengers in Defendant's car each immediately fled, leaving one of the vehicle doors open. An officer entered the store and arrested Defendant. At the time, Defendant was not in line to purchase anything, but rather was standing near a trash can.

Defendant did not specifically object to any of the facts recited in the R&R leading up to Defendant's arrest. Based on these facts, as further detailed in the R&R, the Court agrees with the conclusion of the Magistrate Judge, that there was ample probable cause to arrest Defendant.

Following Defendant's arrest, the police saw both drugs and a firearm in plain view in Defendant's vehicle, and those items were seized.  Again, Defendant made no specific objection to the factual finding that the items were in plain view.  A further search of the vehicle yielded further evidence.  The Court agrees that the search of the automobile was lawful under the automobile exception.  The cell phone used to make the telephone calls was taken by one of the passengers in the vehicle, and discarded when he fled.  The cell phone, which had been abandoned, was properly seized.

Defendant was interviewed at the St. Louis County Division of Criminal Investigations following his arrest.  For the reasons set forth more fully in the R&R, the Court agrees that Defendant's statements should not be suppressed.  Defendant was properly advised of his *Miranda* rights prior to making any substantial statements or answering any questions beyond basic pedigree information.  Defendant thereafter knowingly and voluntarily waived his rights and then voluntarily made a statement to the officer, essentially denying any involvement.  This statement was not the product of any force or duress.  As such, the Court rejects Defendant's assertion that his rights under *Miranda* were violated.  Further, after a careful review of the video of the interview, the Court also agrees with the Magistrate Judge that any statements made by Defendant between the time the officer first attempted to advise Defendant of his rights, and the time he completed his advice of rights, during which time Defendant repeatedly interrupted the officer, are not subject to suppression.  Such statements were not the result of interrogation, and were spontaneously offered by Defendant.

Thus, after careful consideration, the Court will overrule Defendant's Objection, and will adopt and sustain the thorough reasoning of Magistrate Judge Bodenhausen set forth in support of his recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 88] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence and Statements [ECF Nos. 54, 55] is **DENIED**.

A final pretrial conference will be scheduled by separate Order.

                                          AUDREY G. FLEISSIG
                                          UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2020.